UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LEWIS S. SPELLMAN, JR.,<br><br>    Plaintiff,<br><br>    v.<br><br>JO ANNE B. BARNHART, Commissioner of Social Security,<br><br>    Defendant. | CASE NO.    C04-5231FDB<br><br>REPORT AND RECOMMENDATION<br><br>Noted for September 2, 2005 |

This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by <u>Mathews, secretary of H.E.W. v. Weber</u>, 423 U.S. 261 (1976). This matter has been fully briefed and is ready for the Court's review. The undersigned submits the following report and recommends that the Court affirm the Administration's final decision.

**PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff, Lewis Spellman, is currently 47 years old. Tr. 23. He has the equivalent of a high school education with past relevant work history as a laborer, delivery driver, and warehouse worker. Tr. 14. In 1995, Mr. Spellman suffered a left thumb crushing injury which ultimately required fusion of the middle and distal phalanx of the thumb. Tr. 15, 167-181. In 1999, plaintiff fractured his elbow, requiring surgical repair. Tr. 15. On August 22, 2001, he was injured in a motor vehicle accident involving large tractor trailer trucks. Tr. 15, 263. On September 4, 2001, Mr. Spellman underwent an additional surgery on his

1  left arm for ulna shortening. Tr. 15, 254. The left arm was placed in cast which was removed in late
2  November of 2001. Tr. 198.

3        Plaintiff applied for Disability Insurance Benefits and Supplemental Security Income Benefits on
4  November 5, 2001. Tr. 13. Plaintiff alleged inability to work beginning on August 25, 2001, due to left arm
5  pain, back injury, sleep disorder and major depression. Tr. 102. Mr. Spellman returned to substantial
6  gainful activity on April 27, 2003 (Tr. 463-4), and thus, inquiry is limited to the closed period between
7  August 25, 2001, and April 27, 2003.

8        At the administrative level, plaintiff's claim was denied initially on March 8, 2002 (Tr. 33-36) and
9  upon reconsideration on May 3, 2002. Tr. 39-41. Plaintiff timely requested a hearing which was held on
10 August 6, 2003, before the Honorable Mary F. Gallagher Dilley, ALJ. Tr. 445-90. On November 13, 2003,
11 the administrative law judge ("ALJ") issued an unfavorable decision. Tr. 13-26. Plaintiff noted a timely
12 appeal to the Appeals Council. Tr. 8-9. On February 21, 2004, the Appeals Council denied plaintiff's
13 request for review, thereby exhausting plaintiff's administrative remedies. Tr. 5-6. Plaintiff then sought
14 timely review by this court..

15       Plaintiff filed the instant matter on April 26, 2004. Plaintiff argues the ALJ failed to properly
16 consider the medical evidence, and consequently, the ALJ failed to properly assess plaintiff's "residual
17 functional capacity."

18 **DISCUSSION**

19       The Court must uphold the Secretary's decision if the ALJ applied the proper legal standard and
20 there is substantial evidence in the record as a whole to support the decision. <u>Drouin v. Sullivan</u>, 966 F.2d
21 1255, 1257 (9th Cir. 1992); <u>Hoffman v. Heckler</u>, 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial
22 evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.
23 <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971); <u>Fife v. Heckler</u>, 767 F.2d 1427, 1429 (9th Cir. 1985). It
24 is more than a scintilla but less than a preponderance. <u>Sorenson v. Weinberger</u>, 514 F.2d 1112, 1119 n.10
25 (9th Cir. 1975); <u>Carr v. Sullivan</u>, 772 F. Supp. 522, 525 (E.D. Wash. 1991). If the evidence admits of
26 more than one rational interpretation, the Court must uphold the Secretary's decision. <u>Allen v. Heckler</u>,
27 749 F.2d 577, 579 (9th Cir. 1984).
28

REPORT AND RECOMMENDATION
Page - 2

*THE ALJ PROPERLY EVALUATED THE MEDICAL EVIDENCE AND PROPERLY DETERMINED PLAINTIFF'S RESIDUAL FUNCTIONAL CAPACITY*

If the ALJ cannot determine whether a claimant is disabled based on a claimant's current work activity or on medical facts alone, and a claimant has a severe impairment(s), a review is made of the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(e). The ALJ is entitled to resolve conflicts in the medical evidence. Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987). He may not, however, substitute his own opinion for that of qualified medical experts. Walden v. Schweiker, 672 F.2d 835, 839 (11th Cir. 1982). If a treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record for doing so. Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983). " The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." Lester v. Chater, 81 F.3d 821, 831 (9th Cir. 1996). In Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989), the Ninth Circuit upheld the ALJ's rejection of a treating physician's opinion because the ALJ relied not only on a nonexamining physician's testimony, but in addition, the ALJ relied on laboratory test results, contrary reports from examining physicians and on testimony from the claimant that conflicted with the treating physician's opinion

In this case, the ALJ concluded that plaintiff was not able to perform past relevant work during the relevant period. Tr. 25. Accordingly, the ALJ evaluated plaintiff's residual functional capacity "RFC " and the possibility that he could perform certain other work. After summarizing the medical evidence in some detail, the ALJ explained:

> After careful review of the record as a whole, the undersigned finds that, during the relevant period, the claimant retained the residual functional capacity to lift and carry twenty pounds occasionally and ten pounds frequently. He could stand and/or walk for six hours total in an eight hour workday and sit for six hours total in an eight hour workday with normal breaks, but he needs the opportunity to alternate positions between sitting and standing every hour. The claimant also was limited to no pushing or pulling with his left upper extremity, no overhead reaching, and only occasional handling with his left hand. He could occasionally stoop, kneel, crouch, crawl , and climb stairs and ramps with no climbing of ladders or ropes. He could frequently balance. In addition, the claimant was limited to only occasional contact with the public and coworkers.

Tr. 23.

Substantial evidence in the record supports the ALJ's evaluation of plaintiff's RFC. In this case the

ALJ summarized plaintiff's medical evidence beginning in February 1995 when he suffered an injury to his left thumb. The ALJ specifically noted the opinions of Dr. Quint, Dr. Price, and Dr. Slater, who was called to testify at the administrative hearing as a medical expert. With respect to Dr. Quint's opinion the ALJ explained:

> The undersigned has considered the medical opinions of record. The consultative examiner, Dr. Quint, opined that the claimant could stand and sit for a total of six hours each in an eight-hour workday, but he was limited to lifting of not more than ten pounds and had frequent manipulative limitations due to left arm, and, and thumb pain and weakness. However, Dr. Quint evaluated the claimant only a few months following his left arm surgery and only three weeks after his left arm case was removed. The claimant was still in recovery and experiencing pain from surgery. The record reflects significant improvement in the claimant's left grip strength and his range of motion with therapy. (Exhibits 7F/5 and 7F/59). Also, the treatment record does not reflect continued reports of significant and ongoing arm and hand pain after a period of recovery from surgery and occupational therapy. Dr. Quint also noted frequent postural limitations based on the possibility of a herniated disc. However, the record does not show disc herniation or ongoing radiculapathy, and EMG testing was within normal limits.

Tr. 21. These reasons provided by the ALJ to discount Dr. Quint's limitations are logical. Furthermore, the ALJ did not substitute her own medical opinion, but rather relied on the other medical evidence in the record to establish Mr. Spellman's RFC. For instance, the ALJ specifically relied on the opinions of the state agency medical consultants, Pax Benson, Sheila Michaelson, and Dr. Grant. In February and April 2002, these consultants found Mr. Spellman capable of lifting 20 pounds occasionally, 10 pounds frequently, and able to stand or walk for a total of about 6 hours. Tr. 21, 295-300. In conjunction with the medical evidence as a whole, the ALJ also relied on her assessment of Mr. Spellman's credibility to support her RFC assessment. Specifically, the ALJ found Mr. Spellman's activities, in light of the medical evidence, did not support disability. The ALJ noted that when Mr. Spellman was over exerting himself doing activities such as mowing the lawn and gardening, his back pain would increase, but that it was also conservatively and effectively treated with pill medication and occasionally injections of Toradol. Tr. 20.

In sum, the ALJ's decision is supported by substantial evidence and free of legal error. While the plaintiff's arguments and interpretation of the evidence is reasonable, the ALJ's reasoning is equally substantiated. "In evaluating the evidence, the reviewing court must look at the record as a whole, weighing both the evidence that supports and detracts from the Secretary's conclusion. *Gonzalez*, 914 F.2d at 1200. The trier of fact and not the reviewing court must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ.

*Richardson*, 402 U.S. at 400, 91 S.Ct. at 1426-27; *Allen*, 749 F.2d at 579." Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992).

### CONCLUSION

Based on the foregoing discussion, the Court should affirm the administrations decision to deny plaintiff's applications for social security benefits. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **September 2, 2005**, as noted in the caption.

DATED this 11th day of August, 2005.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
U.S. Magistrate Judge